OPINION OF THE COURT
Roger N. Rosengarten, J.
The People allege that on January 31, 1991, at or about 6:30 p.m. at 40-08 Bell Boulevard in the County of Queens, the defendant after having left his car double parked, proffered the sum of $20 to Police Officer Joseph LaRusso to "forget the summons” that he was in the process of writing. The prosecution further alleges that upon being rebuffed the defendant stated "I will give you any amount of money to forget the *464 summons”, at which time Officer LaRusso issued the summons and placed the defendant under arrest charging him with bribery in the third degree pursuant to Penal Law § 200.00, a class D felony.
On April 3, 1991, the District Attorney reduced the charge against the defendant to attempted rewarding official misconduct in the second degree, Penal Law §§ 110.00, 200.20, a class A misdemeanor.
The defendant now moves pursuant to CPL 170.30 (1) (a) and CPL 170.35 (1) (a) to dismiss the information for facial insufficiency, contending that to prima facie make out the charge now pending, the violation of the public servant’s duty must have been completed prior to the offer of a reward therefor.
The sections in question state as follows:
Penal Law § 200.00 Bribery in the third degree—
"A person is guilty of bribery in the third degree when he confers, or offers or agrees to confer, any benefit upon a public servant upon an agreement or understanding that such public servant’s vote, opinion, judgment, action, decision or exercise of discretion as a public servant will thereby be influenced.”
Penal Law § 200.20 Rewarding official misconduct in the second degree—
"A person is guilty of rewarding official misconduct in the second degree when he knowingly confers, or offers or agrees to confer, any benefit upon a public servant for having violated his duty as a public servant” (emphasis supplied).
Whereas bribery and bribe receiving are applicable to a public servant’s future conduct, the crimes of rewarding or receiving a reward for official misconduct are directed at rewards to a public servant for having previously violated his official duties (Donnino, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law art 200, at 453, 455).
The District Attorney contends that the defendant was not offering to confer a benefit upon the officer for a future violation of his duty but was offering a reward effective only after the officer had violated his duty.
The language of Penal Law § 200.20 is clear in attaching guilt to one who offers to "confer any benefit upon a public servant for having violated his duty as a public servant.” In the opinion of this court, a violation of Penal Law § 200.20 requires that the violation of public duty have already been performed.
*465 In the instant matter there appears no allegation that the public servant in question in any way violated his duty as a public servant.
In enacting Penal Law § 200.20 and Penal Law § 200.00, the Legislature contemplated punishing two wrongdoers, the conferer of the benefit and the receiver, with the giver being liable for rewarding official misconduct and the receiver being liable for the receipt of said benefit.
It is the opinion of this court that the information herein is insufficient upon its face in that it fails to set forth every element of the offense charged.
Accordingly, this motion is granted and the action is hereby dismissed.